IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JENNIFER B. KROSCHEWSKI,

    Plaintiff,

v.

STATE OF WISCONSIN, CIRCUIT
COURT, BRANCH 1, DODGE COUNTY,

    Defendants.

ORDER

Case No. 16-cv-99-wmc

    Plaintiff Jennifer B. Kroschewski filed a notice of removal of a state criminal case against her in Dodge County Circuit Court on the ground that the state court lacks jurisdiction over her. *State of Wisconsin v. Kroschewski*, Case No. 2016CF0012. On February 24, 2016, this court remanded the case back to state court under 28 U.S.C. § 1447, explaining that the federal removal statute, 28 U.S.C. § 1441(a), permits removal only in civil actions. The court also explained that dismissal was appropriate under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which requires dismissal of a matter when "federal jurisdiction would intrude into ongoing state criminal proceedings." *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014).

    Kroschewski has now filed a "Notice of Rebuttal/Motion for Reconsideration" (dkt. #13), as well as several letters, notices and supplements, in which she argues that this court should exercise jurisdiction over her case for various reasons, including the "foreign state doctrine," state court bias and the "common law." None of her arguments, however, address or undermine the court's previous conclusion that remand was

1

appropriate under § 1447 and the *Younger* abstention doctrine. Accordingly, her motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Jennifer B. Kroschewski's motion for reconsideration (dkt. #13), is DENIED.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge